UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERNON McKREITH,

                Plaintiff,

-against-

ROBERTA SUTTON; DREW LONTOS,

                Defendants.

21-CV-2988 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. He asserts that Defendants discriminated against him in housing involving a property located in Brooklyn, New York. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1).

Plaintiff, a resident of Brooklyn, New York, asserts that Defendants discriminated against him in housing. He asserts that the property at issue is located in Brooklyn, and he lists addresses for Defendants in Brooklyn, and Queens, New York. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claims arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Kings County, which is in the Eastern District of New York. *See* 28

U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, § 1391(b)(2), and this action is transferred to the United States District Court for the District of New York, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 26, 2021
       New York, New York

                                     /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                   Chief United States District Judge