UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VERNON McKREITH,

                      Plaintiff,                  **MEMORANDUM AND ORDER**
                                                                          21-CV-3131 (RPK) (TAM)

      -against-

ROBERTA SUTTON and DREW LONTOS,

                      Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Vernon McKreith, proceeding *pro se*, filed this action on April 7, 2021 in the United States District Court for the Southern District of New York, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331. By order dated May 26, 2021, that court transferred the action to this Court. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons below, the complaint is dismissed without prejudice.

## BACKGROUND

      In a form complaint, plaintiff alleges that defendants Roberta Sutton and Drew Lontos violated his rights by engaging in "Housing Discrimination." Compl. at 2, 4 (Dkt. #2). Plaintiff alleges that he was conferred rights in a property located at 316 Weirfield Street in Brooklyn through an estate trust. *Id.* at 8. Plaintiff alleges that the property was "transferred to [plaintiff] Vernon McKreith in 2008," even though he "did not want the property to be sold" given its "real market" and "historic and antique value." *Ibid.* Plaintiff attached to his federal court complaint a copy of a state-court complaint that he filed in the Supreme Court of New York against the defendants in this lawsuit and one other individual. *See id.* at 9.

1

As relief, plaintiff "seek[s] to have the sale of the property reversed completely, and to be retroactively compensated for [plaintiff's] share of back rent due by the parties who now illegally reside" in the property. *Id.* at 10; *see id.* at 11. Plaintiff further alleges that "the attorneys involved with this case failed to uphold their legal obligation to inform the parties involved about the improper valuation of the property." *Id.* at 11.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted).

# DISCUSSION

**I. Subject-Matter Jurisdiction**

Under 28 U.S.C. §§ 1331 and 1332, a federal court has subject-matter jurisdiction only where a "federal question" is presented, or when the parties are completely diverse and the amount in controversy exceeds the sum or value of $75,000. A plaintiff who files suit in federal court has the burden of establishing subject-matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A federal court may consider *sua sponte* whether it has subject-matter jurisdiction. *United Food & Comm. Workers Union v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015).

The Court lacks subject-matter jurisdiction over this case. The sole basis for jurisdiction asserted in the complaint is federal-question jurisdiction. Federal-question jurisdiction permits federal courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Bracey v. Bd. of Educ.*, 368 F.3d 108, 113 (2d Cir. 2004). "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (quotations omitted).

Plaintiff has not established that his claim arises under a federal law. In plaintiff's form complaint, where he was prompted to state which federal statutory or constitutional right has been violated, plaintiff wrote only, "Housing Discrimination." Compl. at 2. While federal law provides a cause of action to persons aggrieved by various discriminatory housing practices, *see* 42 U.S.C.

3613(a), plaintiff alleges no facts in support of his claim of housing discrimination. *See* Compl. at 2. Rather, plaintiff sets out facts that appear to relate to a state-law contract or property-rights claim. *Ibid.* The mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, is insufficient to establish the Court's subject-matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996); *see also, e.g.*, *Amelio v. Fischer & Burstein, P.C.*, No. 20-CV-6277, 2021 WL 795271, at *3 (S.D.N.Y. Mar. 1, 2021).

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over any state-law claim he might have. Under 28 U.S.C. § 1332, a federal court has diversity jurisdiction where the parties are completely diverse and the amount in controversy exceeds $75,000. Complete diversity exists only if all plaintiffs are citizens of states diverse from those of all defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). As the party asserting federal jurisdiction, plaintiff bears the burden of showing that the requirements for diversity jurisdiction are met. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). The complaint alleges that plaintiff and defendants reside in New York, and includes no other information suggesting that plaintiff or defendants are citizens of different states. *See* Compl. at 3-4. Plaintiff has therefore failed to meet his burden of showing that the Court has subject-matter jurisdiction.

## II. Leave to Amend

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Here, the facts set out on plaintiff's complaint suggest that any claims he might have should be brought in state court, rather than federal court. Nevertheless, if plaintiff believes

his claims in fact arise under federal law, plaintiff may file an amended complaint within 30 days to remedy the deficiencies described above.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice based on lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court grants plaintiff leave to file an amended complaint within 30 days if he desires. Any new complaint must be captioned "Amended Complaint" and bear the same docket number as this order.

All further proceedings are stayed for 30 days. If plaintiff does not file an amended complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: June 24, 2021
      Brooklyn, New York